DA 07-0606

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 400N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

PATRICK E. SAYERS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-07-83
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Colin M. Stephens, John E. Smith Law Offices, Missoula, Montana

      For Appellee:

      Hon. Mike McGrath, Montana Attorney General; Sheri K. Sprigg, Assistant
Attorney General, Helena, Montana

      Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  October 16, 2008

Decided:  November 25, 2008

Filed:

_____
                   Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Patrick E. Sayers appeals from the judgment entered by the Fourth Judicial District Court, Missoula County, on a jury verdict convicting him of the felony offense of vehicular homicide while under the influence and five misdemeanor offenses. Sayers asserts the District Court abused its discretion by admitting expert testimony regarding indicators of marijuana-related impairment from a drug recognition examiner without first qualifying the witness as an expert. He also argues the District Court abused its discretion by failing to give a curative instruction to disregard testimony invading the province of the jury, and by refusing a proposed jury instruction defining civil as well as criminal negligence. In addition, Sayers mentions the District Court's refusal of a proposed jury instruction characterized by his trial counsel as an "attempt to make a lay-definition of back extrapolation," and attaches a transcript excerpt reflecting that ruling to his appellate brief. He presents no argument in that regard, however.

¶3 In response, the State contends Sayers may not appeal the expert testimony issue because he did not object to that testimony during trial. It also maintains Sayers may not appeal the curative instruction issue because he did not request a curative instruction in the District Court, with the possible exception of the proposed "back extrapolation" jury instruction about which Sayers presents no argument on appeal. In addition, the State

2

presents substantive arguments on all issues. Moreover, after briefing was complete, the State filed a notice of supplemental authority identifying *State v. Pol*, 2008 MT 352, ¶¶ 21-26, 346 Mont. 322, ¶¶ 21-26, ___ P.3d ___, ¶¶ 21-26, as pertinent to the issue regarding the proposed jury instruction defining civil as well as criminal negligence.

¶4     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit because, to the extent Sayers preserved issues for appeal, the District Court clearly did not abuse its discretion.

¶5     Affirmed.

/S/ JOHN WARNER


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JIM RICE